[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] SUPPLEMENTAL ORDERS
The court enters these orders to supplement its Memorandum of Decision on plaintiff's post-judgment motion for contempt. The court has previously found that the defendant's obligation to pay the plaintiff an amount equal to the cost of her automobile insurance over a two-year period and to reimburse her for federal income taxes were not discharged in the defendant's bankruptcy proceeding. The court requested the parties to submit supplemental memoranda to aid the court in implementing that decision. The court has received and considered the parties' post-decision memoranda.
Amount of the obligation: In their submissions the parties disagree as to the amount owed under the obligation found by the court. The plaintiff submitted an affidavit claiming that her insurance costs a certain amount for the two-year period in question and requested that amount, plus the owed IRS debt, for a total of $1278.81. The defendant claimed that the court should adopt as the amount owed the sum of $1548.35, which the plaintiff listed as owed to her on her proof of claim with the bankruptcy court, with credits for the two payments totaling $334 that the plaintiff testified the defendant has made since then. As the plaintiff herself has previously submitted the amount of $1,548.35 to the federal court and did not explain the basis for why she now seeks a different amount, the court finds the defendant's argument more persuasive.
Counsel Fees: The plaintiff also seeks an award of attorneys fees in the amount of $1,400 for prosecuting this claim. The defendant urges the court not to do so, citing the fact that the court declined to hold him in contempt and found he had a good faith basis for believing his obligation had been discharged, and the relative disparity in their incomes. Under General Statutes § 46b-62, the court may award counsel fees to enforce or modify the judgment of dissolution, by considering the CT Page 984 parties' "respective financial abilities" and the factors set forth in § 46b-82.[1]
The court finds that the plaintiff earns somewhat more than the defendant, $547 per week versus $358 per week net. The plaintiff, on the other hand, works at two different jobs. Her liabilities of $19,000 in loan and credit union indebtedness are far greater than those of the defendant, and the plaintiff pays approximately $200 per week towards those liabilities.[2] Thus, in considering their actual financial funds available to meet daily living expenses, both parties are in relative equal financial positions.
The court finds, moreover, that failure to award counsel fees here would substantially undermine the court's other financial orders. Eslamiv. Eslami, 218 Conn. 801, 820, 591 A.2d 411 (1991). The legal issue here, involving the legal effect of a bankruptcy discharge, was likely beyond the capacity of most lay people to present adequately to the court. The defendant's belief that he did not owe the sums sought by the plaintiff virtually required the plaintiff to seek judicial relief to vindicate her claim; that fact, together the legal issue presented, made it necessary for plaintiff to obtain counsel to pursue her claims successfully. Furthermore, requiring the plaintiff to pay her own counsel fees would cause her to exhaust the funds to be awarded her under the court's previous decision. The court therefore finds, after considering the relative ability of the financial position of the parties and the statutory factors set forth in § 46b-82, that it is necessary and appropriate to award counsel fees here.
The court has reviewed the affidavit re: attorney's fees submitted by the plaintiff's attorney and finds the amounts of time expended in this matter and the hourly rate to be reasonable. Accordingly, the court orders defendant to pay counsel fees in the amount of $1,400.
Lost wages: The plaintiff also seeks an award for lost wages for the rime she expended to enforce her claim. The court declines to make such an award.
The court orders that the defendant pay the plaintiff amount of $2,614.35 ($1,214.35 for the indebtedness and $1,400 for counsel fees) at the rate of $100 per month, by way of wage execution if the defendant is employed, otherwise by payment directly to the plaintiff. Such payments are to commence within twenty days after this decision becomes enforceable, shall thereafter be due and payable by the tenth day of each month.
SO ORDERED. CT Page 985
BY THE COURT
STEPHEN F. FRAZZINI JUDGE OF THE SUPERIOR COURT